IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-77-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| GREGORY ANTONIO MCKOY, ) | |
| ) | |
| Defendant. ) | |

On July 19, 2019, Gregory Antonio McKoy ("McKoy") moved for relief under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 [D.E. 73] and filed a memorandum in support [D.E. 74]. On July 30, 2019, the United States responded [D.E. 77]. On September 11, 2019, McKoy filed another memorandum of law [D.E. 81] and a letter concerning the proper advisory guideline range [D.E. 83]. On February 3, 2020, McKoy submitted a letter [D.E. 84]. On October 21, 2020, in light of United States v. Chambers, 956 F.3d 667 (4th Cir. 2020), the Probation Office updated the Presentence Investigation Report ("PSR"). See [D.E. 98]. McKoy is no longer a career offender. See id. On October 28, 2020, McKoy responded to the updated PSR [D.E. 99]. On November 12, 20202, McKoy filed an updated sentencing memorandum [D.E. 100]. As explained below, the court denies McKoy's motion to reduce his sentence.

On October 18, 2010, pursuant to a plea agreement, McKoy pleaded guilty to distributing 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) [D.E. 1, 23–24]. On March 23, 2011, the court held McKoy's sentencing hearing [D.E. 30]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") and calculated McKoy's advisory guideline range to be 262 to 327 months based on a criminal history category VI and a total offense level 34. See

Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR ¶¶ 36, 38, 68, 71; [D.E. 40] 6. After granting the government's motion for downward departure and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced McKoy to 204 months' imprisonment [D.E. 30–31, 40]. McKoy did not appeal.

On March 19, 2012, McKoy moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [D.E. 34-1]. In his section 2255 motion, McKoy asked the court to vacate his sentence, to recalculate his advisory guideline range, and to resentence him in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). See [D.E. 34-1] 5, 14. McKoy argued, that under Simmons, he no longer was a career offender. See id. at 5. In his section 2255 motion, McKoy also sought relief under the Fair Sentencing Act of 2010, 18 U.S.C. § 3582(c)(2), and U.S.S.G. Amendments 750 and 759. See id. at 6.

On April 22, 2013, the court dismissed McKoy's section 2255 motion. See [D.E. 44]. On June 21, 2017, the court denied relief under 18 U.S.C. § 3582 (c)(2) and U.S.S.G. Amendments 750 and 759. See [D.E. 58].[1]

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2371, 2372 (codified as amended at 21 U.S.C. § 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of crack cocaine

---

[1] Since 2007, the United States Sentencing Commission has amended the Sentencing Guidelines three times concerning drug trafficking crimes and made the amendments retroactive. See U.S.S.G. Amendment 706, as amended by U.S.S.G. Amendment 711, and made retroactive by U.S.S.G. Amendment 713 (the so-called 2007 Crack Cocaine Amendment); U.S.S.G. Amendment 750, made retroactive by U.S.S.G. Amendment 759 (the so-called 2010 Fair Sentencing Act Amendment); and U.S.S.G. Amendment 782 (the so-called 2014 Drug Guidelines Amendment or "Drugs Minus Two"). Under 18 U.S.C. § 3582(c), courts are authorized to reduce sentences pursuant to these retroactive amendments. See U.S.S.G. § 1B1.10.

necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of crack cocaine necessary to trigger a 10 year to life sentence increased from 28 grams to 280 grams. See id., § 2, 124 Stat. at 2372.

The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222. Under the First Step Act, a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); Chambers, 956 F.3d at 671; United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, courts may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act denied "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the sentencing guideline calculations "'as if' the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished). "Nothing in . . . section [404(c) of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v.

3

Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished).

McKoy's new advisory guideline range is 77 to 96 months' imprisonment based on a total offense level 21 and a criminal history category VI. See [D.E. 98] 2. The court has discretion to reduce McKoy's sentence. See Gravatt, 953 F.3d at 262–64; Wirsing, 943 F.3d at 184–86; Latten, 2019 WL 2550327, at *2–4. The court has completely reviewed the entire record and all relevant factors under 18 U.S.C. § 3553(a). See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018). McKoy engaged in serious criminal conduct and was responsible for distributing 61 grams of cocaine base (crack). See PSR ¶¶ 1–3. Moreover, McKoy has a deplorable criminal record and has performed poorly on supervision. See id. McKoy's convictions include larceny, breaking into a coin machine, resisting a public officer (two counts), indecent exposure, possession of stolen goods, driving while license revoked (twelve counts), no operator's license (nine counts), possessing cocaine (two counts), possession with intent to sell and deliver cocaine, reckless driving to endanger, possession with intent to manufacture, sell, and deliver cocaine, eluding arrest with a motor vehicle, and possession with intent to sell of deliver marijuana. See id. at ¶¶ 16–21. Furthermore, McKoy was on probation for less than one month when he was arrested for his current offense of conviction. See id. at ¶ 33. Although McKoy has taken some positive steps while incarcerated, he sustained disciplinary infractions for two counts of possessing gambling paraphernalia, possessing hazardous tool, failing to stand for count, engaging in sexual acts, destroying property of $100 or less, two counts of possessing an unauthorized item, fighting with another person, bribing an official for a reduction in his sentence/compromised staff to bring in drugs, introduction of drugs/alcohol, three counts of abusing phone, giving/accepting money without authorization, and being insolent to staff members. See [D.E. 98] 2; [D.E. 100] 3–5; cf. Pepper v. United States, 562 U.S. 476, 480 (2011). In light of McKoy's serious criminal conduct, serious criminal record, poor performance on supervision, serious misconduct while incarcerated, the need to

4

promote respect for the law, and the need to incapacitate McKoy, the court declines to reduce McKoy's sentence. See, e.g., 18 U.S.C. § 3553(a); Chavez-Meza, 138 S. Ct. at 1966–68; Latten, 2019 WL 2550327, at *4.

In reaching this decision, the court has considered the entire record, the new advisory guideline range, and the section 3553(a) factors. See, e.g., Chavez-Meza, 138 S. Ct. at 1966–68. However, even if the court miscalculated the new advisory guideline range, it still would not reduce McKoy's sentence. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

In sum, the court DENIES McKoy's motion to reduce his sentence [D.E. 73].

SO ORDERED. This _2_ day of December 2020.

JAMES C. DEVER III
United States District Judge